UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDON CHARLES WRIGHT** | : | **DOCKET NO. 20-cv-1434** |
| **REG. # 19559-021** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a pro se Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 (doc. 1) and Motion for Recommendation of Nunc Pro Tunc Designation (doc. 3), filed by Brandon Charles Wright. Wright is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

On August 9, 2015, Wright was arrested in Georgia by the Johnson County Sheriff's Department for receipt, possession or transfer of firearm by convicted felon, willful obstruction of law enforcement officers, and fleeing or attempting to elude a police officer, as reflected in Johnson County Case Number 2015W47 (later dismissed). Doc. 1, att. 3, p. 1. On August 10, 2015, a parole violation warrant was issued for Johnson County Superior Court Case Number 2006CR52 and Laurens County Superior Court Case Number 2010FE0176. *Id.* On August 19,

2015, while in state custody, Wright was "borrowed" pursuant to a federal writ of Habeas Corpus Ad Porsequendum from Johnson County Sheriff's Department. *Id*.

On June 8, 2016, petitioner was sentenced in the United States District Court for the Southern District of Georgia to a 151 month term of imprisonment on one charge of conspiracy to distribute and possess with the intent to distribute marijuana and cocaine base, Schedule I and II controlled substances, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 8141(b)(1)(c). *Id*. Because Wright was in the primary custody of the Georgia state officials, he was returned to state authorities on June 15, 2016, to complete his state parole terms. Doc. 1, att. 3, p. 1.

He complains that the BOP calculated his sentence as beginning on the date of imposition, June 8, 2016, as opposed to the date his state parole was revoked and he was taken into state custody, August 21, 2015.[1]

In support of his claim, Wright attaches a portion of the transcript from his sentencing wherein the court stated:

> Pursuant to the Sentencing Reform Act of 1984, then it is the judgment of the Court that the Defendant, Brandon Charles Wright, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months.
>
> This term is to be served concurrently to the revoked state parole term which the defendant is already serving in Johnson County Superior Court Docket Number 2006CR52 and Laurens County Superior Court Docket Number 2010FE176.

Doc. 1, att. 2, p.22.

Wright exhausted this claim through the BOP, and the response from the Central Office set forth that a sentence computation was completed commencing the federal sentence on the date it

---

[1] Wright's filings in this Court indicate that his parole was revoked on December 21, 2015 (doc. 3, p. 4) while the Central Office response to his administrative remedy establishes that his parole was revoked on December 19, 2015 (doc. 1, att. 3, p. 1). However, this discrepancy is of no consequence, as neither date is the correct date upon which his federal sentence was to commence.

was imposed, June 8, 2016, thereby effectuating concurrent service of his state and federal terms as specified by the judgment in his criminal case. *Id.* The response went on to explain that the earliest possible date that his sentence could commence is on the date of imposition, as, "Title 18, USC 3585 (b) precludes the application of prior custody credit for the time you are requesting, as this time was credited toward your Georgia state parole violation terms. *Id*. at p. 2. A parole revocation is not a new term of imprisonment, but a continuation of a previously imposed sentence." *Id*. Accordingly, his appeal was denied.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court does retain discretion to order a term of imprisonment to order concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). However, it has no authority to designate credit for time already served. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54.

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a defendant is to be given credit toward his federal term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." If the sentencing judge had intended that Wright receive credit for time served prior to the imposition of sentencing, he was not empowered to award it. Wright presents no other basis from which we could ascertain any error in the BOP's calculation. As Wright shows no error, much less abuse of discretion, to the BOP's decision, his petition is plainly without merit and should be dismissed.

### III.
### CONCLUSION

For the reasons provided above,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

**IT IS FURTHER RECOMMENDED** that the Motion for Recommendation of Nunc Pro Tunc Designation (doc. 3) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of January, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE